## Jenkins & Crane, v. Winstead & Company.

(Decided May 3, 1911.)

### Appeal from Henderson Circuit Court.

1. Contracts—Promoters—Where a promoter received an automobile in payment of shares of stock in a corporation and agreed to pay an agreed price for the automobile in the event the factory was not built and received within six months, and it was not so received by failure of the enterprise, the promoter is liable for the agreed price of the automobile.

2. Appeal—Record—A case will be tried upon appeal upon the record before the court; it is not to be enlarged by the statement of counsel.

F. J. PENTECOST for appellants.

YEAMAN & YEAMAN for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

This appeal is supplementary to that of Sigler v. R. W. Winstead & Co., reported in 125 S. W., 272. The facts relating to the subscription of stock by the citizens of Corydon for the purpose of building a cannery are there set out at length and need not be repeated here. Three suits grew out of that enterprise. The promoters, R. W. Winstead & Co., sued Sigler on October 29th, 1909, for the purpose of collecting his stock subscription. About the same time, King and all the remaining subscribers for stock, with two exceptions, filed a joint suit in equity against R. W. Winstead & Co. for the purpose of enjoining the collection of their subscriptions for stock and for a cancellation of their stock subscriptions, upon the ground that they had been obtained by fraud. And

Jenkins & Crane filed their suit at law against R. W. Grinstead & Co. to recover $550.00, the agreed value of the automobile which they had delivered to Winstead & Co. in part payment of the six shares of stock for which they had theretofore subscribed. The three cases were consolidated, and by one judgment, entered in the consolidated cases, Winstead & Co. were given judgment against Sigler for the $200.00 they sued for; the combination suit of King and others for an injunction and cancellation was dismissed as to all the plaintiffs except Royster, an infant; while the suit of Jenkins & Crane against Winstead & Co., for the value of their automobile, was also dismissed. Sigler and King and his associates prosecuted appeals from the judgments against them and succeeded in reversing those judgments, for the reasons stated in the opinion above referred to. Jenkins & Crane, however, did not, at that time, prosecute an appeal from the judgment which dismissed their petition.

When Jenkins & Crane signed the subscription paper for six shares of stock, they made a side agreement in writing with Winstead & Co., which reads as follows:

"This Agreement Witnesseth: That whereas the undersigned parties did agree to give to Jenkins & Crane five and one-half shares of stock in the canning factory to be organized at Corydon, Kentucky, in exchange for one Cadillac automobile, it is agreed that in the event said factory is not built and received within six months from the date hereof, said parties hereto agree to pay said Jenkins & Crane the sum of five hundred and fifty dollars (said Jenkins & Crane being a firm composed of B. W. Jenkins and H. M. Crane.) Signed this fourteenth day of December, 1908.

"R. W. Winstead & Co."

The time for building and receiving the factory was changed in the original draft of the contract from nine months to six months, and in rewriting the paper for the purpose of making the change the words "the sum of five hundred and fifty dollars" were omitted by mistake. It clearly appears, however, that the contract, as finally agreed upon, reads as above given. Jenkins & Crane delivered the automobile to Winstead & Co. in payment of their five and one half shares of stock before the reversal of the Sigler and King cases, and since the reversal of those judgments, Jenkins & Crane have prosecuted this appeal from the joint judgment which dis-

missed their petition at the same time the judgments were given in the Sigler and King cases.

In the Sigler and King cases this court said:

"The subscription paper never became a binding subscription upon any one, and the chancellor should have so held, and should have entered judgment in favor of the defendant Sigler in the suit against him, and, in the suit of King and others against Winstead, should have been held that the contract was of no binding force or effect, and have permanently enjoined and restrained Winstead & Co. from seeking to enforce the payment of any subscription contained therein."

Since all the subscriptions were conditioned upon Winstead & Co. securing bona fide stock subscriptions to the amount of $4,500.00, which this court held had never been done, none of the contracts to buy shares was enforcible. The enterprise completely failed, and under their contract, Jenkins & Crane were entitled to the return of the purchase price of the automobile.

It will be noticed that the contract requires Winstead & Co. to pay Jenkins & Crane the $550.00 in the event the factory is not "built and received" within six months from Dec. 14, 1908. The answer alleges that the true agreement was that Winstead & Co. should repay this $550.00 only in the event they should fail to "build and equip" the factory within the time mentioned; and it is claimed that the paper, by mistake, fails to properly express the agreement. The answer further alleges that Winstead & Co. have carried out their contract by building the factory and tendering it to the stockholders, and that they could do no more. The defense, however, is not sustained by the proof. The contract is not only plain and unambiguous in its terms, but the failure to legally bind the subscribers and thereby successfully organize the corporation is easily attributable to the misconduct of Winstead & Co. They made it impossible that the factory could be received and paid for by the stockholders.

Appellees insist, however, in their brief, that the judgment should be affirmed because oral testimony was heard by the court below, and there is no bill of exceptions showing what that testimony was. We must try

the case upon the record before us; it is not to be enlarged by the statement of counsel. The judgment and proof in this record is the same judgment and proof that was appealed from in the Sigler case. The judgment was entered in the three consolidated cases, as above pointed out, and recites that those cases were heard upon the pleadings, exhibits and proof. This case was transferred to the equity side of the docket; was consolidated with the other two suits upon the suggestion of Winstead & Co., and was tried as an equity case. There being nothing in the record to show that any oral proof was offered, a bill of exceptions was unnecessary, and we must disregard the suggestion of counsel to the contrary.

The judgment dismissing appellant's petition will have to be reversed, with instructions to enter a judgment for appellants for $550.00, with interest from June 14, 1909, and costs.